IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MANLEY

    PLAINTIFF,

v.                                CIVIL ACTION NO.:

READY MIX USA LLC

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Robert Manley, (hereinafter referred to as the "Plaintiff" or "Manley"), by and through his undersigned attorney, sues defendant, Ready Mix USA, LLC. (hereinafter, "Defendant" or "Ready Mix") and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; and the Americans with Disabilities Act Amendments of 2008 (ADAA).

2. Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

1

3. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201807940) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201800749) on June 12, 2018. On March 12, 2019, Plaintiff received a "Reasonable Cause" determination from the FCHR. Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on August 30, 2020.

## *PARTIES*

6. Plaintiff is a Caucasian male and a citizen of the State of Florida and a resident of Santa Rosa County who resides in Navarre, Florida. Plaintiff worked for Defendant as from December 18, 2017, until his constructive discharge on May

14, 2018.

7. Defendant, Ready Mix, is concrete supplier providing communities throughout the southeastern quadrant of the United States. Defendant is an employer within the meaning of the ADA and FCRA, as it employs in excess of 15 employees.

## *FACTS*

8. Plaintiff is a 50 year old Caucasian male.

9. Defendant hired Plaintiff on December 18, 2017, as a CDL Concrete Truck Driver.

10. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner and was not the subject of any disciplinary issues prior to his request for an accommodation.

11. Plaintiff suffers from a sleeping disorder commonly referred to as sleep apnea, a serious condition in which breathing repeatedly stops and starts during the course of sleep.

12. Plaintiff is a qualified individual with a disability:

(a) he has a physical impairment that substantially major life activities: Plaintiff suffers from the inability to breath while sleeping which changes neurocognitive functions which in turn make it difficult to focus, concentrate, and complete daily tasks and can

further cause anxiety, brain fog and depression.

 (b) Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.

 (c) he has a record of such impairment; and,

 (d) he was regarded (perceived or otherwise) by Defendant as having such impairments.

13. Plaintiff's disabilities substantially affected the major life activities of focus and concentration.

14. On March 20, 2018, Plaintiff coordinated a meeting with three managers to request a reasonable accommodation of a change to his start time due to complications with his disability.

15. Defendant agreed and allowed Plaintiff to begin his work day a couple of hours after his regular scheduled start time so that he could get an appropriate amount of rest due to complications with his disability.

16. This new schedule lasted for three weeks with no issue.

17. On April 9, 2018, Mr. Allen Duncan, a different manager than that of the initial meeting with Plaintiff, conducted a meeting concerning Plaintiff's disability.

18. Mr. Duncan stated to Plaintiff he was not medically compliant to neither operate nor conduct his work duties as a CDL Concrete Truck Driver and

that he would be moved to a different position.

19. Defendant demoted Plaintiff and insisted that he provide proof that he was able to perform the essential functions of the position.

20. Plaintiff again stated that his disability did not interfere with his ability to perform the essential functions of his position, but that he only needed the slightly altered start time accommodation.

21. As a result of Mr. Duncan's unsupported decision to medically disqualify Plaintiff from his CDL Concrete Truck Driver Position, Plaintiff was reassigned to a different position with a cut in pay.

22. Plaintiff continuously contacted human resources and higher management concerning his demotion but he received no response.

23. After numerous failed by Plaintiff attempts to speak with human resources, Plaintiffs General Manager, Bobby Lindsey, spoke with him and indicated that he should resign from his position due to his disability and requested accommodation.

24. In response, Plaintiff stated that he did not want to resign or be reassigned but rather retain his position as a CDL Concrete Truck Driver with Defendant and asked Mr. Lindsey how he could fix the issue.

25. Mr. Lindsey did not provide Plaintiff with any sort of remedy to retain his position and notified Plaintiff that he would be placed on four (4) day leave.

26. Plaintiff reminded Defendant that he already had a medical card that allowed him to drive the truck that Defendant had him driving prior to requesting the delayed start time to his shift.

27. Plaintiff also pointed out that there were two other employees with similar medical issues who were taken off driving due to safety concerns, but this was only after their medical cards were revoked.

28. Defendant still claimed that this was not good enough and insisted on a more concise documentation from the Department of Transportation (DOT) certified doctor.

29. Additionally, Plaintiff informed Mr. Duncan that he had been performing the essential functions of his position in an exemplary manner and without incident since the time of his hire.

30. Plaintiff provided this additional information as well and further pointed out that his doctor that provided the first fit for duty notice was DOT certified.

31. Plaintiff was again notified of a position reassignment from his previous reassigned position and an additional cut in pay after he was transferred to a manual labor position at the reassigned plant location.

32. On April 18, 2018, Plaintiff was finally reinstated to his original position as a CDL Concrete Truck Driver, but was paid hourly instead of per load,

which resulted in a lower amount of income.

33. Upon Plaintiff's return, in addition to being paid less than what he had been prior to his requested accommodation, he was treated differently by management and coworkers and was the subject of retaliatory and discriminatory comments made pertaining to his disability.

34. On May 14, 2018, because of Defendant's retaliatory and unfair treatment after the demotions and pay cuts directly related to his disability, Plaintiff was forced to resign his position.

## FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

36. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

37. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42

U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

38. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), as the Defendant employed more than 15 employees.

39. Any possible assertion that there was a viable business justification for the Plaintiff's constructive discharge, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

40. The adverse personnel action, the constructive discharge of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

41. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

42. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

43. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

44. Plaintiff is entitled to recovery of reasonable attorney's fees and cost pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

46. This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with

9

Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

47. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

48. At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), as the Defendant employed more than 15 employees.

49. Any possible assertion that there was a viable business justification for the Plaintiff's constructive discharge, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

50. The adverse personnel action, the constructive discharge of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), and such action clearly constituted

a prohibited employment practice, contrary to the public policy of the ADA and ADAA.

51.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

52.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

53.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

54.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA).

## THIRD CAUSE OF ACTION
### *(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

56. Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

57. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

58. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

59. Any possible assertion that there was a viable business justification for the Plaintiff's cons, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

60. The adverse personnel action, the constructive discharge of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

61. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory constructive discharge that lead to his discharge from Defendant's employment.

62. As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

63. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

64. Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
*(D<small>ISABILITY</small> R<small>ETALIATION</small> - F<small>LORIDA</small> C<small>IVIL</small> R<small>IGHTS</small> A<small>CT OF</small> 1992, <small>AS AMENDED</small>, C<small>HAPTER</small> 760 <small>ET SEQ</small>., F<small>LORIDA</small> S<small>TATUTES</small>)*

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

66. This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

67. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68. At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

69. Any possible assertion that there was a viable business justification for the Plaintiff's constructive discharge is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

70. The adverse personnel action, the constructive discharge of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil

Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

71. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

72. As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

73. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

74. Plaintiff is entitled to recovery of reasonable attorney's fees and cost pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.  Declaring the acts and practices complained of herein are violation of the ADA, ADAA, and Florida Civil Rights Act (FCRA).

b.  Enjoining and permanently restraining those violations of the ADA, ADAA, and Florida Civil Rights Act (FCRA).

c.  Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.  Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

  i.  Awarding Plaintiff Front Pay in lieu of reinstatement;

  ii.  Awarding Plaintiff compensatory damages;

  iii.  Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.  Granting such other and further relief as the Court deems just and

proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                                  Respectfully submitted,

Dated: November 20, 2020.      By: */s/ Clayton M. Connors*
                                              CLAYTON M. CONNORS
                                              Florida Bar No.: 0095553
                                              Email: cmc@westconlaw.com
                                              **WESTBERRY & CONNORS, LLC.**
                                              4400 Bayou Blvd., Suite 32A
                                              Pensacola, Florida 32503
                                              Tel:  (850) 473-0401
                                              Fax: (850) 473-1388
                                              Attorney for the Plaintiff